# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:12cr254

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| C'DAR BAUN, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant C'Dar Baun's Notice of Appeal & Motion to Revoke Detention Order. In the motion, defendant appeals the Order of Detention issued by Magistrate Judge David C. Keesler on September 18, 2012 (#14).

Defendant and a co-defendant are charged with aiding and abetting each other in the commission of a carjacking in violation of 18 U.S.C. §§ 2119 and 2, as well as the possession of a firearm in furtherance of a crime of violence-carjacking in violation of 18 U.S.C. § 924(c).

After a detention hearing on September 18, Magistrate Judge Keesler determined that bond was not appropriate in this case. He found that defendant had not rebutted the presumption, triggered by the above offenses, that no condition "would reasonably assure the appearance of the defendant as required and the safety of the community" if bond was allowed (#14). Judge Keesler also made a separate finding that there was a serious risk that defendant, if released, would not appear for trial and would endanger the safety of another person or the community.

Review of a magistrate judge's Order of Detention is governed by 18, United States Code, Section 3145(b), which provides as follows:

> **(b) Review of a Detention Order.**— If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

18 U.S.C. § 3145(b).

Defendant appeals the Magistrate Judge's Order, arguing that she is not a flight risk as she has no passport and no money, and that most of her family resides in the Western District. She also argues that she poses no danger to the community as her minor criminal record consists of mostly "minor traffic violations." As to the alleged crime itself, Ms. Baun claims it was a co-defendant who brandished the firearm and committed the actual carjacking.

Furthermore, defendant points out that since being in custody she has taken advantage of the opportunities available at the detention facility. She has attended the Substance Abuse Program as well as courses on coping with past physical and mental abuse. She has also completed other life-skills courses on Parenting, Anger Management, and Strengthening Relationships.

In spite of these contentions, the court does not see reason to disturb the Magistrate Judge's conclusions. Judge Keesler provided ample justification for his determination that defendant, if released, would pose a danger to the community and others. He noted that defendant is charged with an armed carjacking, a violent crime, to which she has made significant admissions in describing her role in the offense.

The government, though it was not required to, responded to defendant's motion and provided further clarification for Judge Keesler's determination. In the response, the government proffered evidence that although defendant did not commit the actual carjacking, she played a significant part in its planning and execution. It proffered evidence that it was defendant's idea to lure the victim to the meeting under the guise of a marijuana deal; that she provided the gun used in the carjacking; and that, as she was in the car at the time of her arrest, she had reaped the benefits of the carjacking. Thus, the government has proffered clear and convincing evidence that defendant would pose a danger to the community and others if released on bond.

The court likewise sees no reason to disturb Judge Keesler's determination that defendant poses a flight risk. Defendant is charged with a serious and violent offense, for which, if convicted, she faces a significant term of imprisonment. Furthermore, she also has a serious drug problem and had used cocaine the day of the alleged crime. In its brief, the government reiterates these

justifications and also argues that defendant's unstable home life and unemployment weigh in favor of detention.

In considering this motion, the court has closely reviewed not only defendant's motion but the government's response as well. After careful review, this court finds there is clear and convincing evidence to support Judge Keesler's determination that defendant should be detained pending trial. The government proffered ample evidence that defendant participated in the armed carjacking, and if released, posed a flight risk and danger to the community and others.

**IT IS, THEREFORE, ORDERED** that defendant's Notice of Appeal & Motion to Revoke Detention Order (#18), having been carefully considered, is **DENIED** and the court reaffirms and adopts the Order of Detention entered by Magistrate Judge Keesler in this matter, as it is fully supported by the record, is consistent with law, and supported by clear and convincing evidence.

Signed: October 5, 2012

Max O. Cogburn Jr.
United States District Judge